IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TRAVLES JOHNSON                                                                                       PLAINTIFF

        v.                                        Civil No. 13-2181

SHERIFF RON BROWN, Crawford
County, Arkansas; LIEUTENANT CUPP;
and the CRAWFORD COUNTY
DETENTION CENTER                                                                                  DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed pursuant to the provisions of 42 U.S.C. § 1983. Plaintiff proceeds *pro se*. The complaint was initially filed in the Eastern District of Arkansas and transferred to this Court.

With his complaint, Plaintiff submitted an *in forma pauperis* (IFP) application (Doc. 1). However, he failed to have the certification regarding inmate funds held in his name completed. For this reason, the Clerk was directed to send the Plaintiff a blank IFP application (prisoner form)(Doc. 6). Plaintiff was given until October 4, 2013, to either have the certificate portion of the IFP application completed by the appropriate detention center official and return the application to this Court for review and filing or pay the $350 filing fee. Plaintiff was advised that if he failed to return the completed IFP application or pay the $350 filing fee by October 4, 2013, the complaint would become subject to summary dismissal for failure to obey an order of the Court.

The Court order (Doc. 6) was returned as undeliverable on September 25, 2013. The Plaintiff has not submitted a change of address notice to the Court. No other address is available to the Court.

-1-

For this reason, I recommend that the case be dismissed based on Plaintiff's failure to prosecute this action.  Fed. R. Civ. P. 41(b).

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of October 2013.

/s/ *J. Marschewski*
   HON. JAMES R. MARSCHEWSKI
   CHIEF UNITED STATES MAGISTRATE JUDGE